| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|

| PLAINTIFF<br><br>FERNANDO LUIS VILLAMIL WISCOVITCH | DEFENDANTS<br>DENISE ROVIRA BELLIDO, MARIA E. JUARBE I<br>BOTELLA |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Enrique Almeida / Zelma Davila; 217701 / 218913<br>Almeida & Davila, P.S.C.<br>PO BOX 191757<br>San Juan, PR 00919-1757<br>(787) 722-2500 Fax: (787) 777-1376 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>X Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**WILLFUL VIOLATION OF THE AUTOMATIC STAY 11 U.S.C. §362; CONTEMPT; DAMAGES**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses,
    false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary,
    embezzlement, larceny

    **(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[X] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[X] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state
    court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **100,000.00** |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| **FERNANDO LUIS VILLAMIL WISCOVITCH** | | **19-06327-ESL-11** |
| DISTRICT IN WHICH CASE IS PENDING **District of Puerto Rico** | DIVISION OFFICE | NAME OF JUDGE Enrique S. Lamoutte |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  **/s/ Enrique Almeida / Zelma Davila;** <br> **Enrique Almeida / Zelma Davila; 217701 / 218913** | | |
| DATE **3/17/2023** | PRINT NAME OF ATTORNEY (OR PLAINTIFF) **Enrique Almeida / Zelma Davila; 217701 / 218913** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>FERNANDO LUIS VILLAMIL WISCOVITCH<br>***Debtor*** | **Case No.  19-06327-ESL11** |
| | **CHAPTER  11** |
| FERNANDO LUIS VIILLAMIL WISCOVITCH<br>***Plaintiff,***<br><br>**Vs.** | **ADV. PROC. NO. 23**-_____<br><br>VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY; CONTEMPT AND ACTUAL AND PUNITIVE DAMAGES |
| DENISE  ROVIRA  BELLIDO,  MARIA  E. JUARBE I BOTELLA<br>***Defendants,***<br><br>MONSITA LECAROZ ARRIBAS<br>***U.S. Trustee*** | |

## COMPLAINT

**TO THE HONORABLE COURT**:

**NOW COMES**, Plaintiff / Debtor Fernando Luis Villamil ("Plaintiff" or "Debtor")

represented by the undersigned attorney, and very respectfully STATES, ALLEGES, PRAYS

and REQUESTS RELIEF as follows:

### INTRODUCTION

1.      This action seeks redress for the unlawful and deceptive practices committed by

the defendants in connection with their efforts to collect pre-petition debts from the debtor when

the automatic stay was in effect, in violation of 11 U.S.C. § 362. This action is also filed to

enforce the Automatic Stay Order. Furthermore, this action seeks that defendants take the

necessary steps to vacate the judicial order allowing the garnishment of Debtor's vehicles and

the liens recorded as further described below. The Plaintiff requests declaratory and injunctive

relief, as well as monetary, and punitive damages based on violations of 11 U.S.C. § 362.

1

## JURISDICTION AND VENUE

2.      Jurisdiction is invoked under 28 U.S.C. § 157 (a) (b) (1) and § 1334 since it arises in a case under the Bankruptcy Code and concerns this Honorable Court's powers and property of the Debtor. It also has supplemental jurisdiction to entertain all state law claims pursuant to 28 U.S.C. § 1367.This action is a **core** proceeding under 11 U.S.C. §§ 362 and Fed. R. Bankr. P. 7001.

3.      Venue lies in this District pursuant to 28 U.S.C. §§ 1408 and 1409, since all acts and omissions giving rise to Plaintiff's claims occurred within the territory of this jurisdictional district, and pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is an individual who resides at 10710 Sir Place Jean, Oklahoma, 74037, and is the Debtor on a Chapter 11 petition under the Bankruptcy Code (Case No. 19-06327-ESL11) and therefore, has standing to appear as PLAINTIFF.

5.      Defendant Denise Rovira Bellido (hereinafter referred to as "Rovira") is an individual and a creditor of this bankruptcy estate, duly notified pursuant to applicable bankruptcy law of all proceedings in this case.  Rovira committed and/or participated in acts and/or omissions against the Plaintiff in violation of the Automatic Stay provisions of the Bankruptcy Code, and therefore is responsible for the damages and acts alleged in this complaint.

6.      Defendant Maria E. Juarbe Botella (hereinafter referred to as "Juarbe" and collectively with Rovira, the "Defendants") is an individual and the attorney that represented Rovira during the marriage dissolution proceedings between Rovira and the Plaintiff. Juarbe was also listed by the Debtor as an interested party of this bankruptcy estate and was duly notified pursuant to the bankruptcy law of all proceedings in this case. Juarbe committed, participated, and assisted in the acts and/or omissions against the Plaintiff in violation of the

2

Automatic Stay provisions of the Bankruptcy Code, and therefore is responsible for the damages and acts alleged in this complaint.

7.      Monsita Lecaroz Arribas is the Assistant U.S Trustee on behalf of the Office of the U.S. Trustee for the District of Puerto Rico.

## FACTUAL ALLEGATIONS

8.      On **October 30, 2019,** the Plaintiff filed a Chapter 11 Bankruptcy petition; Case No. 19-06327-ESL11. (_See Bankruptcy case's docket entry number 1)._

9.      Defendant Rovira was included in the Master Address List, in the List of Creditors Holding 20 Largest Unsecured Claims and in Schedule "E/F Creditors Holding Unsecured Claims" of the Bankruptcy Petition, with regards to certain disputed and unliquidated debt pursuant to a Judgment entered in State Court Civil Case No. KD12013-0783 (Dissolution of Marriage). (_See Bankruptcy case's original Docket No. 1 and Docket No. 21)._

10.     Defendant Maria E. Juarbe Botella was included in the Master Address List and in the Schedule "E/F Creditors Holding Unsecured Claims" of the Bankruptcy Petition, with regards to certain disputed and unliquidated debt owed pursuant to a Judgment entered in State Court Civil Case No. KD12013-0783 (Dissolution of Marriage) as an additional party to provide notice since she was the attorney representing Defendant Denise Rovira Bellido in the subject state court civil case. (_See Bankruptcy case's original Docket No. 1 and Docket No. 21)._

11.     At the time the bankruptcy petition was filed, Plaintiff gave notice of the filing to all creditors, who were informed that all actions or proceedings to enforce any claims or to levy on property of the debtor subsequent to the filing of the aforesaid petition were stayed by law.

12.     The notice mailed by this Honorable Court to Defendants, included the following warning to all creditors: "The filing of the case imposed an automatic stay against most collection activities. That means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect

3

from the debtors. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees" The Notice of Chapter 11 Bankruptcy Case was served on Defendants by the Court. (*See Bankruptcy case's original Docket No. 5 and Docket No. 6.)*

13.     Upon receipt of this notice and request, and this Honorable Court's Notice, Defendants were required pursuant to 11 U.S.C. § 362 to *stop* any and all money actions against the Plaintiff and his property.

14.     Pursuant to 11 U.S.C. § 362, upon receipt of the bankruptcy filing notice, Defendants', their employee(s), agent(s), representative(s), legal or otherwise, and or contractor(s) were required to *STOP* any and all money actions against the Plaintiff and his Property.

15.     Defendants, their employee(s), agent(s), representative(s), legal or otherwise, and or contractor(s) **had knowledge of the filing** of the Debtor's Bankruptcy Petition and of the Automatic Stay Provisions of the Bankruptcy Code in effect.

16.     Defendants, as creditors and parties notified in the case, were duly notified by the Honorable Court of the proceedings of Debtor's bankruptcy case.

17.     In fact, Defendant Rovira **filed a proof of claim** on December 26, 2019, claiming **$1,441,004.00** as an unsecured claim for money owed pursuant to the Judgment entered in the state court Civil Case No. KDI2013-0783, proving with this action that she received the notification of the voluntary petition in this case and wanted to preserve her rights in the bankruptcy proceedings. (*See Claim No. 12 on Bankruptcy case*).

18.     On August 28, 2020, the Debtor filed his Chapter 11 Plan of Reorganization Dated August 28, 2020 and his Disclosure Statement Dated August 28, 2020. (*See Docket No.120 and Docket No. 121 on the Bankruptcy case*).

4

19.     On November 18, 2020, the Court entered an Order and Notice on Disclosure Statement. (*See Docket No.144 on the Bankruptcy case*). On November 19, 2020, Plaintiff, through his bankruptcy counsel, mailed a copy of the Court's Order dated November 18, 2020 to the Defendants via regular mail as required by the Court. (*See Docket No.145 on the Bankruptcy case*).

20.     On February 2, 2021, the Court entered an Order Approving Disclosure Statement. (*See Docket No.151 and Docket No. 152 on the Bankruptcy case*).

21.     A confirmation hearing was held on May 18, 2021. An order confirming Debtor's Chapter 11 Plan of Reorganization was entered on the same date. (*See Docket No. 170 and No. 171 of the Bankruptcy Case.)* The Court mailed a copy of the Confirmation Order to the Defendants via regular mail. (*See Docket No. 174 on the Bankruptcy Case.)*

22.     On September 15, 2021, the Court entered the Final Decree declaring the Plan substantially consummated and closing the case until completion of payments. (*See Docket No.194 on the Bankruptcy case*).

23.     After the underlying bankruptcy case was filed on November 8, 2019, Defendants submitted to the Department of Transportation and Public Works ("DTOP") a request to impose a garnishment/lien on several classic cars belonging to the Debtor and that are part of the bankruptcy estate and were registered under Plaintiff's name. Specifically, Defendants requested DTOP to register liens on the following cars: 1987 Porsche 944, Vin No. WP0AA2958HN151226 and 1986 Ferrari Testarossa, Vin No. ZFFSA17A1G0064697 (the "Classic Cars"). Such request was illegally submitted by Defendants while Debtor was protected by the automatic stay order. **See Exhibit A.**

24.      The liens were successfully recorded by the DTOP against the Plaintiff's Cars as requested by Defendants. **See Exhibit B.**

25.     At all times relevant Plaintiff sent numerous emails and communications to co-defendant Rovira by himself and through counsel requesting her to take the necessary steps to

5

vacate the garnishment order and to request the removal of the liens illegally recorded. However, co-defendant Rovira chose to ignore Plaintiff's good faith attempts and as of today's date she has taken no affirmative actions to remediate the damages caused due to her violations to the automatic stay.

26.     As a result of the recorded liens against the Classic Cars, the Plaintiff has been as still is unable to use them and the Classic Cars are being kept in a storage. Plaintiff was forced to keep the Classic Cars in a storage for which Plaintiff had to pay a monthly fee of $2,400.00. Further, due to the lack of regular use and performance of the Classic Cars, these now have major mechanical issues with the engines, brakes, and suspensions. Considering that the Classic Cars are vintage collector cars of European origin, the expected repair costs are expected to be between $10,000 - $15,000.00 per car.

**CLAIM: WILLFUL VIOLATIONS OF THE AUTOMATIC STAY ORDER**

**PURSUANT TO 11 U.S.C. § 362 AND CIVIL CONTEMPT**

27.     The allegations of the preceding paragraphs are realleged and incorporated herein by reference, as if fully set forth herein.

28.     The actions of Defendants in this case, their employees, agents, representatives and/or contractors, are clear and willful violations to the Bankruptcy Code and to the Automatic Stay imposed by 11 USC sec. 362 (a).

29.     Section 362 of the Bankruptcy Code, in its pertinent part, reads as follows:

> **"(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> **(1)** the **commencement** or **continuation**, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;....
> **(2)** ............................................................................................;
> **(3)** ............................................................................................;
> **(4)** ............................................................................................;
> **(5)** ............................................................................................;

6

**(6)** any act to **collect**, **assess**, or **recover** a claim against the debtor that arose before the commencement of the case under this title;...."

(added emphasis)

30.     The Federal Courts have concluded that both *public* and private creditors of debtors are subject to the automatic stay; even parties who are not creditors of the Estate are subject to it. *See In Re Clausenn 118 B.R. 1009, 1015 (Bankr. D. S. D. 1990).*

31.     In the case at bar, Defendants, have been undertaking collection efforts against the Plaintiff and the instant case's bankruptcy estate by requesting the recording of liens against Debtor's Classic Cars in connection to a debt included in Schedule "E/F Creditors Holding Unsecured Claims" with the Bankruptcy petition, and for which the confirmed Chapter 11 Payment provided, this in contempt of this Honorable Court's Automatic Stay Order.

32.     The filing of the petition effectuates the automatic stay of Section 362(a) of the Bankruptcy Code, protecting the debtor and the estate from most creditor actions. *See 1-1 Collier Consumer Bankruptcy Practice Guide P 1.02 (Matthew Bender 3d Ed. Revised 2005).*

33.     Notwithstanding that, Defendants, their employee(s), agent(s), representative(s), legal or otherwise, knew of the filing of the bankruptcy petition by the debtor, and having been informed that they are stayed by law from proceeding further with collection efforts and/or legal proceedings in State Court, Defendants, its employee(s), agent(s), representative(s), legal or otherwise, and/or contractor(s) have continued with collection efforts against the debtor.

34.     By continuing to collect outside of Debtor's Chapter 11 Case, Defendants willfully disrupted the bankruptcy's estate. The value of the Classic Cars, which are part of the bankruptcy estate, have been considerably affected and their value is significantly lower since they have been stored for a long period of time.

35.     The aforementioned acts and incidents perpetrated by Defendants, caused the debtor emotional distress. The Debtor is a car enthusiast. Due to the recorded liens, the Debtor has been prevented from driving the Classic Cars and take them to events of different

7

associations which have resulted on Debtor losing business ideas and possible deals. Further,

these vehicles were one of Debtor's source of enjoyment outside work. All these situations

have caused the Debtor emotional distress and mental anguish.

36.     By continuing to make collection efforts, Defendants acted with knowledge that

the Debtor had previously filed a bankruptcy petition and that such acts and threats were a

willful and egregious violation of the Automatic Stay Order Provisions set forth by the

Bankruptcy Code.

37.     The actions perpetrated by Defendants and/or its employee(s), agent(s),

representative(s), legal or otherwise, are clear and willful violation of Bankruptcy Law and of the

Automatic Stay Order in effect issued by this Honorable Court.

38.     Defendants had knowledge of the wrongs and/or intended to commit them, or

had the power to prevent them or the power to aid in preventing the commission of the same,

but **neglected** and **refused** to do so.

39.     As discussed above, Defendants' actions have caused considerable actual

damages, injuries and inconveniences to the Debtor.

40.     As a result of the actions perpetrated by the Defendants, their employees,

agents, representatives, willful, intentional, deliberate and unlawful conduct, the debtor is

entitled to compensatory damages in the amount of no less than $100,000.00, for suffering

caused to the debtor, mental anguishes and the depreciation of the Classic Cars which are part

of the bankruptcy estate.

41.     As a result of Defendants' deliberate actions, the debtor is entitled to all incurred

costs and attorney's fees. *See In Re Vazquez Laboy, 647 F.3d 367, 376 (1st Cir. 2011).*

42.     The actions perpetrated by the Defendants, its employee(s), agent(s),

representative(s) are a clear and willful violation to Bankruptcy Law and of this Honorable

Court's Automatic Stay Order pursuant to 11 U.S.C. § 362.

43.     It has been necessary for the Debtor to retain counsel, to prosecute the litigation based upon the willful violation of the Automatic Stay, and counsel has incurred and will incur costs and other related expenses in prosecuting this action.

44.     The actions of defendants in this case, in seeking to garnish property of the bankruptcy estate to satisfy debts incurred before the filing of their bankruptcy case, and by continuing various forms of legal action, are in violation of the automatic stay entered in Plaintiff's bankruptcy case, entitle Plaintiff to the relief afforded under 11 USC sec. 362(k), and additionally constitute contempt of the bankruptcy court orders, including the order confirming debtor's plan.

45.     Defendants' actions warrant a remedy under section 105(a) through which the Court may impose civil and/or criminal contempt to enforce its orders.

46.     The actions of defendants in this case has substantially frustrated the Automatic Stay Order entered by this Court and has caused the Plaintiff unnecessary time, effort, expense, and emotional distress in seeking to enforce her rights as guaranteed by the Bankruptcy Code.

47.     In order to carry out the provisions of the Bankruptcy Code, to maintain its integrity, and to deter future violations, this Honorable Court must impose actual damages, punitive damages, costs and attorney's fees against the Defendants under 11 USC sec. 362(k)(1), and/or 11 USC sec. 105.

48.     All Defendants are jointly and severally liable to the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, in view of the foregoing, PLAINTIFF respectfully requests this Honorable Court to grant judgment in their favor and against Defendants in the following manner:

1.     Order Defendants to forthwith to cease and desist of any and all collection efforts;

9

2.      Order Defendants to withdraw the liens recorded by the DTOP against Debtor's Classic Cars.

3.      Find that Defendants are in contempt of the Court for the willful violation of the Automatic Stay provisions of the Bankruptcy Code and this Honorable Court's Orders.

4.      Enjoin Defendants from continuing the proceedings against the Plaintiff and his property.

5.      Award PLAINTIFF, PURSUANT TO 11 U.S.C. §§ 105(a) and 362(k) damages totaling no less than $100,000.00 for actual damages including emotional damages.

6.      Award Plaintiff reasonable attorney fees and litigation expenses, plus costs of suit;

7.      Grant any other relief that this Honorable Court may deem just, equitable and appropriate.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this March 17, 2023.



**Attorneys for Debtors**

PO Box 191757
San Juan, PR 00919-1757

/s/ Enrique M. Almeida, Esq.
**Enrique M. Almeida, Esq.**
USDC-PR
217701
enrique.almeida@almeidadavila.com

/s/ Zelma B. Davila, Esq.
**Zelma B. Dávila, Esq.**
USDC- PR 218913
zelma.davila@almeidadavila.com

10



**DTOP-DIS-234**
Rev. 05/2020

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS
DIRECTORÍA DE SERVICIOS AL CONDUCTOR
División de Vehículos de Motor

**Oficina:**          CESCO Digital

## INFORMACIÓN DEL VEHÍCULO

**Fecha:**    20 ene 2023

**Identificación:**   VILLAMIL WISCOVITCH, FERNANDO LUIS

pass: XXXXX7389

**Residencial:**   PASEO DON JUAN
1379 PASEO DON JUAN APT 7B
SAN JUAN 00907

**Postal:**   *
PO BOX 16051
SAN JUAN 00908-6051

**Vehículo:**    Descripción: 1986 FERRARI TESTAROSSA ROJO OBSCURO
VIN: ZFFSA17A1G0064697
Fecha Expiración: 31 ago 2016
Número Marbete: 9288910
Fecha Registro: 22 ago 1986
Registro: 2714798
Tablilla: AEP993
Título: 10021068
Precio: 6500.00
Casa Financiera: Ninguna

**Gravamenes:**

Litigio



Firma funcionario o
representante autorizado

**Advertencia**
Este informe no es valido sin la firma o sello de un funcionario

Si esta certificación o reporte será utilizada para uso oficial de Entidades, la validación conllevará los pagos de los aranceles
requeridos por ley exceptuando las Cooperativas Estatales y Federales las cuales están exentas.

**387 - 9090 - 13907 - 20 - ENE - 2023 - 09:44:10**

**Advertencia**
Este informe no es valido sin la firma o sello de un funcionario de DTOP/DISCO

Si esta certificación o reporte será utilizada para uso oficial de Entidades, la validación conllevará los pagos de los aranceles requeridos por ley exceptuando las Cooperativas Estatales y Federales las cuales están exentas.

**387 - 9090 - 13907 - 20 - ENE - 2023 - 09:44:10**

**DTOP-DIS-234**
Rev. 05/2020

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS
DIRECTORÍA DE SERVICIOS AL CONDUCTOR
División de Vehículos de Motor

**Oficina:**          CESCO Digital

# INFORMACIÓN DEL VEHÍCULO

**Fecha:**    20 ene 2023

---

**Identificación:**    VILLAMIL WISCOVITCH, FERNANDO LUIS

pass: XXXXX7389

**Residencial:**    PASEO DON JUAN
1379 PASEO DON JUAN APT 7B
SAN JUAN 00907

**Postal:**    *
PO BOX 16051
SAN JUAN 00908-6051

**Vehículo:**    Descripción: 1987 PORSCHE 944 ROJO OBSCURO
VIN: WP0AA2958HN151226
Fecha Expiración: 31 dic 2019
Número Marbete: 25160077
Fecha Registro: 01 dic 1992
Registro: 3578706
Tablilla: BLU364
Título: 661504
Precio: 18700.00
Casa Financiera: Ninguna

**Gravamenes:**

Litigio



Firma funcionario o
representante autorizado

**Advertencia**
Este informe no es valido sin la firma o sello de un funcionario

Si esta certificación o reporte será utilizada para uso oficial de Entidades, la validación conllevará los pagos de los aranceles
requeridos por ley exceptuando las Cooperativas Estatales y Federales las cuales están exentas.

**387 - 9090 - 13907 - 20 - ENE - 2023 - 09:40:53**

Página 1 de 2

**Advertencia**
Este informe no es valido sin la firma o sello de un funcionario de DTOP/DISCO

Si esta certificación o reporte será utilizada para uso oficial de Entidades, la validación conllevará los pagos de los aranceles requeridos por ley exceptuando las Cooperativas Estatales y Federales las cuales están exentas.

**387 - 9090 - 13907 - 20 - ENE - 2023 - 09:40:53**